IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| GLORIA LEROY, on behalf of herself and other similarly situated, | § § § | CIVIL ACTION NO. ___ |
| | § | |
| *Plaintiff*, | § § | JURY TRIAL DEMANDED |
| | § | |
| v. | § | |
| | § | COLLECTIVE ACTION |
| KAPDAS INCORPORATED, KAPDAS HOLDINGS, LLC, and KAPDAS TAX SERVICES d/b/a/ LIBERTY TAX SERVICE, | § § § § | |
| *Defendants.* | | |

_____

## COLLECTIVE ACTION COMPLAINT

### I.   SUMMARY

1.   KAPDAS Incorporated, KAPDAS Holdings LLC, and KAPDAS Tax Services LLC, all doing business as Liberty Tax Service (collectively, hereinafter "LTS"), a tax preparation company that provides its services in and around Atlanta, Georgia, is violating the Fair Labor Standards Act ("FLSA") by forcing its employees to work a substantial amount of overtime without properly paying all compensation due, thus depriving them of rightful compensation for their work that LTS is legally obligated to pay.

2.   Plaintiff Gloria LeRoy worked for LTS as a tax preparer at LTS's Stockbridge, Georgia location and was damaged by this illegal policy or practice.  Plaintiff was denied the compensation she is due under the FLSA.  Plaintiff brings this

1

lawsuit on behalf of herself and all other similarly situated current or former, hourly-paid tax preparers to recover unpaid wages and overtime compensation, liquidated damages, attorneys' fees, and costs owed to her individually and on behalf of other similarly situated individuals.

## II.   JURISDICTION AND VENUE

3.   This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law, namely the FLSA, 29 U.S.C. § 201 *et seq.*

4.   Venue is proper because a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in the Northern District of Georgia.   28 U.S.C. § 1391(b)(2).

## III. THE PARTIES

5.   Plaintiff LeRoy worked as a tax preparer for LTS at its Stockbridge, Georgia location.   She performed various tax-related services for clients, including but not limited to preparing tax returns for individuals and small businesses.   She regularly worked in excess of 40 hours per week without receiving all the compensation she is due under the FLSA. Plaintiff LeRoy's consent is attached as Exhibit A.

6.   The class of similarly situated employees consists of all current and former hourly-paid tax preparers, who were employed by LTS during the three-year period preceding the

filing of this Complaint.   These similarly situated individuals are referred to as the "Members of the Class" or "the Class."

7.   Defendant KAPDAS Incorporated, doing business as Liberty Tax Service, is a Domestic For Profit Corporation with a principal place of business at 1465 Hudson Bridge Road, Liberty Tax Service, Suite 111, Stockbridge, Georgia that is engaged in commerce in the United States and is otherwise subject to the FLSA.   Defendant KAPDAS Incorporated employed Plaintiff within the meaning of the FLSA.   KAPDAS Incorporated may be served with process by serving its registered agent Kimberly P. Shaw at 572 Fraser St. N.E., Dekalb, Atlanta, Georgia, 30312.

8.   Defendant KAPDAS Holdings, LLC, also doing business as Liberty Tax Service, is a Domestic Limited Liability Company with a principal place of business at 1465 Hudson Bridge Road, Liberty Tax Service, Suite 111, Stockbridge, Georgia, 30281 that is engaged in commerce in the United States and is otherwise subject to the FLSA.   Defendant KAPDAS Holdings, LLC employed Plaintiff within the meaning of the FLSA.   Defendant KADAS Holdings, LLC may be served with process by serving its registered agent, Douglas A. Shaw at 475 Brook Hollow Drive, Henry, McDonough, Georgia 30252.

9.   Defendant KAPDAS TAX SERVICES, LLC, also doing business as Liberty Tax Service, is a Domestic Limited Liability Company with a principal place of business at 1465 Hudson Bridge

Road, Liberty Tax Service, Suite 111, Stockbridge, Georgia 30281 that is engaged in commerce in the United States and is otherwise subject to the FLSA. Defendant KAPDAS Tax Services, LLC employed Plaintiff within the meaning of the FLSA. Defendant KAPDAS Tax Services, LLC may be served with process by serving its registered agent, Kimberly P. Shaw at 572 Fraser Street, Henry, Atlanta Georgia 30312.

## IV.   BACKGROUND

10.   LTS provides tax preparation and filing services for both individuals and businesses throughout the United States, including in and around Atlanta, Georgia. Upon information and belief, LTS employs other Tax Preparers similarly situated to Plaintiff to assist with its customers' tax and accounting needs.

11.   LTS's Tax Preparers assist customers, including individuals and small businesses, with preparing and filing their taxes. Upon information and belief, Plaintiff and Members of the Class regularly worked in excess of 40 hours per work week. However, LTS did not pay its Tax Preparers one and one-half times their regular rate for all hours in excess of 40 each week. Instead, LTS only paid its Tax Preparers straight time pay (no overtime) for all hours worked up to 58 hours per workweek. Moreover, Plaintiff and Members of the Class do not receive any compensation for the hours worked over 58 hours per

workweek.   As a result, LTS fails to properly compensate its employees under the FLSA.

12.   LTS also deducted one hour each day for lunch from its Tax Preparers' pay, even though they were often not afforded full one-hour lunch breaks.   Additionally, LTS deducted 30-minutes each day for "breaks" from its Tax Preparers' pay, regardless of whether any breaks were actually taken by Plaintiff and other Tax Preparers.

## V.   PLAINTIFF'S INDIVIDUAL ALLEGATIONS

### A.   LTS Failed to Properly Pay Regular and Overtime Compensation.

13.   Plaintiff worked for LTS as a Tax Preparer, where she regularly met with clients to assist with preparing and filing their taxes.   During her employment, Plaintiff frequently worked seven consecutive days during a workweek.   In a workweek, Plaintiff often worked approximately 75 or more hours.

14.   LTS paid Plaintiff a set hourly rate for each hour worked up to 58 hours per workweek, and Plaintiff was paid on a biweekly basis.   However, LTS paid Plaintiff straight-time only (no overtime) for up to 58 hours in a workweek, regardless of the number of hours suffered or permitted to work.   LTS also failed to accurately pay Plaintiff for all time actually worked— that is, LTS shortchanged Plaintiff's pay by not paying her all hours recorded on the company's time clocks or would not allow

Plaintiff to clock in until certain times after she already began working.  Plaintiff did not receive any compensation for the hours worked over 58 hours in a workweek.

15.  Additionally, Plaintiff was deducted one hour each day for lunch, though she was often afforded less than an actual hour for lunch.  LTS also deducted 30 minutes each day from Plaintiff's pay for "breaks," but Plaintiff was not afforded any daily "breaks."

16.  The FLSA requires LTS to pay hourly compensation for each hour an employee is suffered or permitted to work, and to pay overtime compensation at one and a half times Plaintiff's regular rate of pay for each hour Plaintiff works in excess of 40 hours in a week.  LTS should have paid Plaintiff for 40 hours of regular pay and at least 35 hours or more of overtime in a typical workweek, but LTS failed to pay the Plaintiff that amount.

17.  By failing to pay Plaintiff as described above, LTS has deprived Plaintiff of a significant amount of regular and overtime compensation to which she is rightfully entitled.

**B.   *LTS Willfully Violated the FLSA.***

18.  The FLSA and Department of Labor regulations require that individuals receive at least minimum wage for all hours suffered or permitted to work.  In addition, the FLSA and Department of Labor regulations set forth the proper means for

calculating and paying minimum wage and overtime compensation to non-exempt employees like Plaintiff. LTS failed to follow these rules when paying Plaintiff.

19. LTS had a policy and/or practice of not paying its employees for all of the regular time and overtime they worked each week at the proper rate. LTS should have paid its employees their regular rate for all hours worked, and it should have paid its employees overtime compensation at one and one-half their regular rates for all hours worked in excess of 40 per workweek.

20. LTS knows or has shown reckless disregard for the requirements of the FLSA with respect to compensation for Plaintiff.

## VI.   COLLECTIVE ACTION ALLEGATIONS

21. Plaintiff is aware that LTS's illegal policies or practices have been imposed upon Members of the Class. Like Plaintiff, the Members of the Class are employed by LTS as Tax Preparers, providing various tax-related services for LTS's clients at its Stockbridge, Georgia location. The Members of the Class perform job duties similar to Plaintiff, as described above.

22. As with Plaintiff, Members of the Class typically worked seven consecutive days and frequently worked 75 hours or

more per workweek.  Like Plaintiff, Members of the Class were paid biweekly.

23.  Upon information and belief, the Members of the Class are also not properly paid for all hours suffered or permitted to work, as described above with regard to Plaintiff.

24.  LTS's failure to properly compensate Plaintiff and Members of the Class results, upon information and belief, from a generally applicable policy and/or practice.  Specifically, upon information and belief, it is a policy and/or practice at LTS to pay its employees for less than all of the regular and overtime hours a Tax Preparer is suffered or permitted to work. As such, the Members of the Class are owed additional regular time and overtime compensation for precisely the same reasons as Plaintiff.

25.  Accordingly,  the  class  of  similarly  situated plaintiffs is properly defined as:

> **All current and former hourly paid Tax Preparers, who were employed by LTS during the three-year period preceding the filing of this complaint.**

26.  Members of the Class should be notified of this lawsuit and given the opportunity to opt-in if they so desire.

27.  Notice from this Court should be expedited to protect these workers from losing a portion of their damages due to the running of the statute of limitations.

## VII. CAUSES OF ACTION

28. The preceding paragraphs are incorporated by reference.

29. As set forth above, LTS violated the FLSA with respect to Plaintiff and Members of the Class by failing to pay at least minimum wage for all hours suffered or permitted to work in a week and by failing to provide proper overtime pay for all hours worked in excess of 40 hours in a week. 29 U.S.C. §§ 206, 207.

30. Plaintiff and Members of the Class are entitled to recover at least a minimum wage for all hours worked as well as overtime compensation, at one and one-half times their regular rate of pay, for all hours worked in excess of 40 hours in a week.

31. In addition, Plaintiff and Members of the Class are entitled to liquidated damages in an amount equal to their unpaid wages and overtime wages.

32. Moreover, Plaintiff and Members of the Class are entitled to reasonable attorneys' fees and costs. 29 U.S.C. § 216 (b).

## VIII.    JURY DEMAND

33. Plaintiff demands a jury trial. Any required jury fee has been or will be timely paid.

### PRAYER

WHEREFORE, Plaintiff requests that this Court award him and Members of the Class judgment against KAPDAS Incorporated, KAPDAS Holdings LLC, and KAPDAS Tax Services, all d/b/a Liberty Tax Service for:

1.    damages for the full amount of their unpaid wages;

2.    damages for the full amount of their unpaid overtime compensation;

3.    an amount equal to their unpaid wages and unpaid overtime compensation as liquidated damages;

4.    reasonable attorneys' fees, costs and expenses of this action;

5.    pre-judgment and post-judgment interest at the highest rate allowed by law; and

6.    such other and further relief as may be allowed by law.

DATED this 6th day of December 2017.

Respectfully submitted,

MICHAEL A MILLS, P.C.

By:    /s/  Michael A. Mills

Michael A. Mills
Georgia Bar No. 509720
1349 W. Peachtree St. NW
Suite 1995
Atlanta, Georgia 30309
Telephone: (404) 907-1541
Facsimile: (678) 317-0956
mike@millslegal.net

BAILEY PEAVY BAILEY COWAN
HECKAMAN PLLC

Robert W. Cowan
Attorney-in-Charge
Federal Bar No. 33509
Texas Bar No. 24031976
Marathon Oil Tower
5555 San Felipe St.,
Ste. 900
Houston, Texas 77056
Telephone: (713) 425-7100
Facsimile: (713) 425-7101
rcowan@bpblaw.com

*Attorneys for Plaintiff*

**CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that the foregoing pleading complies with the font and point selections approved by the Court in Local Rule 5.1B. This document has been prepared in Courier New font, 12 point.

MICHAEL A MILLS, P.C.

Michael A. Mills
GA Bar No. 509720
1349 W. Peachtree St. NW
Suite 1995
Atlanta, Georgia 30309
Telephone: (404) 815-9220
Facsimile: (678) 317-0956
mike@millslegal.net