IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GLORIA LEROY, | § | |
| | § | CIVIL ACTION NO. 1:17-cv- |
| *Plaintiff*, | § | 04944-TWT |
| | § | |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| KAPDAS INCORPORATED, | § | |
| KAPDAS HOLDINGS, LLC, and | § | |
| KAPDAS TAX SERVICES d/b/a | § | |
| LIBERTY TAX SERVICE | § | |
| | § | |
| *Defendants.* | | |

## REVISED JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

Plaintiff Gloria LeRoy and Defendants KAPDAS Incorporated, KAPDAS Holdings, LLC, and KAPDAS Tax Services doing business as Liberty Tax Service (collectively, "KAPDAS" or "Defendants") hereby move this Honorable Court for an Order approving their Settlement Agreement, attached as Exhibit A. In support thereof, the Parties state as follows:

1.  Plaintiff Gloria LeRoy initially filed this lawsuit against KAPDAS[1] alleging violations of the federal Fair Labor Standards Act ("FLSA") on December 6, 2017 (Doc. 1).

---

[1] Although this Motion is brought collectively by Defendants, Plaintiff was only employed by KAPDAS Tax Services d/b/a Liberty Tax Services.

2.      Shortly after the lawsuit was filed, the Parties began exploring an early resolution of this dispute.  On or around April 19, 2018, the Parties agreed to resolve this matter.

3.      When an employee brings suit directly against her employer to recover wages under the Fair Labor Standards Act ("FLSA"), "the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."  *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).  The Court should approve the settlement if (1) the compromise is fair and reasonable to the employee and (2) furthers the implementation of the FLSA in the workplace.  *Wingrove v. D.A. Technologies, Inc.*, No. 1:10-cv-3277-HLM-WEJ, 2011 WL 7307626, at *3-4 (N.D. Ga. Feb. 11, 2011).  Courts have recognized a "strong presumption in favor of finding a settlement fair."  *Id.* at *2.

4.      In determining whether the settlement is fair and reasonable, the Court may consider the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recover; and (6) the opinions of counsel.  *Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F.3d 1526, 1531 n. 6 (11th Cir. 1994).

5.      Without any admission of liability, wrongdoing, or fault on the part of KAPDAS, and to avoid the delay, expense, inconvenience, and uncertainty of litigation, the Parties agreed to resolve this matter before trial.   The settlement was negotiated at arm's length and represents the resolution of a bona fide dispute between the Parties with regard to the merits asserted in the action.  Moreover, there has been no collusion, fraud, or any other inappropriate conduct by the Parties, and the settlement was ultimately agreed upon after the Parties' exchanged employment-related documents, including payroll records and time sheets.  The Parties have agreed to the terms of the Settlement Agreement, attached as Exhibit A.   The settlement is in the best interest of all parties.

6.      Under the Settlement Agreement, Defendants will pay $7,000, which is inclusive of Plaintiff's attorneys' fees and costs, in exchange for a limited release of FLSA-related claims.  Plaintiff's counsel's contingency fee rate under the Retention Agreement is 33 1/3 percent, which was agreed upon prior to the initiation of this action.  Based on such agreement, Plaintiff's counsel's total fee award amounts to $2,331.00.  Plaintiff's counsel hereby represents that lead attorney Robert Cowan worked at least 3 hours at a rate of $350 per hour, and associate attorney Katie McGregor worked at least 12 hours at a rate of $175 per hour, for a lodestar total of at least $3,150.00.  Additional time expended on the case by paralegals and local counsel has not been included.  (Plaintiff's counsel will receive only the one-third

contingency fee of $2,331.00 under the settlement; Plaintiff will not be charged any additional attorneys' fees beyond that amount.)  Plaintiff's counsel represents that the case required moderate expertise and knowledge of FLSA overtime laws, damages calculations, and means of recovery; Mr. Cowan has been licensed for over 16 years and has experience handling at least 40 FLSA cases; Ms. McGregor has handled more than a dozen FLSA cases since her licensing in 2015.  Additionally, Plaintiff's counsel incurred approximately $904.20 in reasonable and necessary expenses, which primarily includes filing fees, pro hac vice fees, service of process fees, and postage.

7.     Based on a review of Defendants' records and the employment records provided by Plaintiff, Plaintiff's counsel estimated her back wages to be approximately $5,249.81.  Although not admitting to liability, Defendants' counsel estimated Plaintiff's potential back wages to be $1,114.07.  Under the settlement, Plaintiff will receive approximately $3,764.80 after attorney's fees and costs are applied.  Such award is fair and reasonable in light of the strengths and weakness of Plaintiff's claims and allows both Parties to minimize future risks and litigation costs.

8.     WHEREFORE, in light of the Parties' settlement, and to avoid the cost, time and risk of continued litigation, the Parties respectfully request that the Court

grant the accompanying proposed Order, thereby approving the Parties' Settlement

Agreement, attached as Exhibit A.

Dated this 14th day of May, 2018                    Respectfully submitted,

                                                     /s/ *Robert W. Cowan*
                                                    Robert W. Cowan
                                                    *Pro Hac Vice Admission*
                                                    Texas Bar No. 24031976
                                                    BAILEY PEAVY BAILEY COWAN
                                                    HECKMAN, PLLC
                                                    Marathon Oil Tower
                                                    5555 San Felipe Street, Suite 900
                                                    Houston, TX 77056
                                                    Tel: 713-425-7100
                                                    rcowan@bpblaw.com

                                                    Michael A. Mills
                                                    Georgia Bar No. 509720
                                                    MICHAEL A. MILLS, P.C.
                                                    1349 West Peachtree St., Suite 1995
                                                    Atlanta, GA 30309
                                                    Telephone: (404) 815-9220
                                                    Facsimile: (678) 317-0956
                                                    mike@millslegal.net

                                                    *Attorneys for Plaintiff*

                                                     /s/ *Shawntel R. Hebert*
                                                    Will C. Adams
                                                    Georgia Bar No. 004655
                                                    Shawntel R. Hebert
                                                    Georgia Bar No. 512220
                                                    TAYLOR ENGLISH DUMA LLP
                                                    1600 Parkwood Circle, Suite 200
                                                    Atlanta, GA  30339
                                                    (770) 434-6868 (telephone)
                                                    (770) 434-7376 (facsimile)

wadams@taylorenglish.com
shebert@taylorenglish.com

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GLORIA LEROY, | § | |
| | § | CIVIL ACTION NO. 1:17-cv- |
| *Plaintiff*, | § | 04944-TWT |
| | § | |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| KAPDAS INCORPORATED, | § | |
| KAPDAS HOLDINGS, LLC, and | § | |
| KAPDAS TAX SERVICES d/b/a | § | |
| LIBERTY TAX SERVICE | § | |
| | § | |
| *Defendants.* | | |

**CERTIFICATE OF COMPLIANCE WITH LR 5.1**

I HEREBY CERTIFY that I prepared the foregoing in Times New Roman,

14-point font, as approved by LR 5.1.

Dated this 14th day of May 2018.

/s/ Robert W. Cowan
Robert W. Cowan
Attorney for Plaintiff

7

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GLORIA LEROY, | § | |
| | § | CIVIL ACTION NO. 1:17-cv- |
| *Plaintiff*, | § | 04944-TWT |
| | § | |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| KAPDAS INCORPORATED, | § | |
| KAPDAS HOLDINGS, LLC, and | § | |
| KAPDAS TAX SERVICES d/b/a | § | |
| LIBERTY TAX SERVICE | § | |
| | § | |
| *Defendants.* | | |

## CERTIFICATE OF SERVICE

I certify that on May 14, 2018, I filed the foregoing REVISED JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT with the Clerk of the Court via the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

 /s/ Robert W. Cowan
Robert W. Cowan
Attorney for Plaintiff

# EXHIBIT A

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "Agreement") is made and entered into on the Effective Date, as defined below, by and between the following parties:  Plaintiff Gloria LeRoy ("Plaintiff") and Defendant KAPDAS Tax Services d/b/a Liberty Tax Service (collectively "KAPDAS" or "Defendant").  Plaintiff and Defendant are collectively referred to herein as "the Parties."

WHEREAS, Plaintiff filed a lawsuit styled *LeRoy v. KAPDAS Inc., et al.*, No. 1:17-cv-04944-TWT, in the United States District Court for the Northern District of Georgia, Atlanta Division (the "Lawsuit");

WHEREAS, Defendant disputes Plaintiff's claims to any damages or other remuneration, and have asserted defenses to all claims; and

WHEREAS, the Parties desire to fully settle all disputes and controversies that exist between and among them in connection with the claims described in the Lawsuit;

NOW, THEREFORE, in consideration of the covenants, agreements, and releases contained herein, and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

1.    **Consideration.**  Defendant shall pay $7,000.00 (seven thousand dollars U.S.) (hereinafter, the "Settlement Funds") as good and valuable consideration for the covenants, conditions, releases, and obligations set forth herein.  Defendant agrees that the Settlement Funds must be paid to Plaintiff's attorneys, Bailey Peavy Bailey Cowan Heckaman PLLC, within 10 business days after Court approval of this Agreement (the "Due Date").  Such check must be made payable to Plaintiff's attorneys, Bailey Peavy Bailey Cowan Heckaman PLLC, ATTN: Robert W. Cowan, 5555 San Felipe Street, Houston, Texas 77056, and must be received by Mr. Cowan on or before the Due Date.  Plaintiff's attorneys will distribute the settlement amounts, less applicable attorneys' fees and expenses, to Plaintiff.

2.    **Mutual Releases.**  Subject to the fulfillment of the other material terms of this Agreement, and expressly subject to ¶1 herein, Plaintiff agrees to and, by these presents, do Release, Acquit, and Forever Discharge Defendant, its officers, directors, trustees, administrators, agents, representatives, servants, employees, insurers, attorneys, predecessors, successors, assigns, affiliates, shareholders, partners, and all others acting on behalf of the Defendant (collectively, "Defendant Affiliates"), from any and all claims, rights, demands, losses, actions, or causes of action, sounding under common law, federal or state statutory law, or under any other law, related to or concerning the Fair Labor Standards Act or similar state labor law wage and hour claims that were asserted, or could have been asserted, in the Lawsuit, arising before, but not after, the execution of this Agreement by all Parties (hereinafter collectively referred to as the "Plaintiff's Released Claims").  Further, subject to the fulfillment of the other material terms of this Agreement, Defendant agrees to and, by these presents, do Release, Acquit, and Forever Discharge Plaintiff, her officers, directors, trustees, administrators, agents, representatives, servants, employees, insurers, attorneys, predecessors, successors, assigns, affiliates, shareholders, partners, and all others acting on behalf of the Plaintiff (collectively, "Plaintiff Affiliates"), from any and all claims, rights, demands, losses, actions, or causes of action, sounding under common law, federal or state statutory law, or

under any other law, related to or concerning the Fair Labor Standards Act or similar state labor law wage and hour claims that were asserted, or could have been asserted, in the Lawsuit, arising before, but not after, the Effective Date of this Agreement (hereinafter collectively referred to as the "Defendant's Released Claims").

3. **Dismissal.**  The Parties hereby consent to and approve of the form of the proposed Joint Stipulation of Dismissal attached hereto as Exhibit 1, dismissing all Plaintiff's claims in the Lawsuit <u>with</u> <u>prejudice</u>, with each Party to the Lawsuit paying its own costs, expenses, and attorneys' fees.  After Court approval of this Agreement and no later than 10 business days after receipt of the Settlement Funds, Defendant's attorney shall sign the Joint Stipulation of Dismissal and Plaintiff's attorney shall sign and file the Joint Stipulation of Dismissal with the court in which the Lawsuit is pending.

4. **Assignment.**  Plaintiff warrants and represents that she is the sole owner of Plaintiff's Released Claims, and Defendant warrants and represents that it is the sole owner of Defendant's Released Claims, neither the Parties nor their respective Affiliates have transferred, pledged, assigned, contracted to assign or pledge, or otherwise conveyed to any other person or entity any Released Claim set forth in ¶ 2 herein.

5. **No Admission of Liability.**  Each Party and its Affiliates expressly deny any liability to any other Party and its Affiliates, and the execution of this Agreement shall not be considered to be an admission of any liability to any Party or its Affiliates in any way.

6. **Authorization.**  The undersigned warrant that each is fully authorized to execute this Agreement on behalf of the respective Party and possesses full and complete authority to bind the respective Party to the full and faithful performance to all conditions, terms, provisions, covenants, warranties and representations contained in this Agreement.

7. **Costs and Fees.**  Each Party understands and agrees that it shall bear its own attorneys' fees, costs of Court, and other expenses incurred in the Lawsuit.

8. **Tax Liability.**  No representations or warranties have been made by the Parties, their Affiliates, or their attorneys as to the tax consequences of any consideration conveyed pursuant to this Agreement.  Each Party and/or its Affiliates is responsible for any and all tax obligations or other obligations under federal and/or state law arising from or related to this Agreement, if any, and AGREES TO HOLD HARMLESS ANY OTHER PARTY, ITS AFFILIATES, OR ITS ATTORNEYS FROM ANY AND ALL LIABILITY RELATING TO ANY SUCH OBLIGATIONS AS SET FORTH IN THIS PARAGRAPH.

9. **Ambiguities, Construction, and Section Headings.**  The Parties and their respective attorneys have reviewed and/or revised this Agreement, and the normal rule of construction to the effect that any ambiguities in this Agreement are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement.  The headings of sections contained in this Agreement are for convenience only, and they shall not, expressly or by implication, limit, define, extend or construe the terms or provisions of the sections of this Agreement.

10. **Multiple Counterparts.**  The Parties further understand and agree that this Agreement may be executed in multiple original counterparts.  Each of the executed

counterparts shall, for all purposes, be deemed an original and all such counterparts shall constitute one and the same instrument.

11.    **Governing Law.**   This Agreement shall be construed and interpreted in accordance with the laws of the State of Georgia and/or, as applicable, United States federal law.

12.    **Full Knowledge and Voluntary Release.**   The Parties represent and warrant that they have read this Agreement and reviewed it with their respective attorneys, and that they fully understand it to be a full and final settlement of all claims relating to the Lawsuit, including the Plaintiff's Released Claims and the Defendant's Released Claims, as hereinbefore identified. The Parties further represent and warrant that they have knowingly and voluntarily entered into this Agreement based upon their own knowledge and judgment and on the advice of their respective attorneys and other advisors, including other attorneys, of their respective free choice, and that they have not acted in reliance upon any representation, advice, or other action of any other Party EXCEPT as specifically and expressly set forth in this Agreement. The Parties further represent that they have each had a reasonable period of time after the receipt of this Agreement to consider the Agreement prior to signing it. The parties have had the opportunity to consult with or engage the services of all necessary persons, including for purposes of language translation, as necessary, so as to fully understand and comprehend the terms of this Agreement.

13.    **Final Agreement.**   The Parties hereby stipulate that this Agreement constitutes the entire agreement and understanding of and among the Parties relating to the subject matter hereof, and the Agreement supersedes all prior proposals, negotiations, agreements, and understandings, oral or written, relating thereto. No modification or waiver hereof shall in any event be effective unless the same shall be in writing and signed by all parties to this Agreement.

14.    **Effective Date.**   The Effective Date of this Agreement shall be the latest date that any Party signs the Agreement.

IN WITNESS HEREOF, this Agreement is entered into by:

**GLORIA LEROY**

_____         5/11/18
Gloria LeRoy                              Date

**KAPDAS TAX SERVICES**

_____    _____
By: Kimberly Shaw, Authorized Signer    Date

counterparts shall, for all purposes, be deemed an original and all such counterparts shall constitute one and the same instrument.

11.    **Governing Law.**    This Agreement shall be construed and interpreted in accordance with the laws of the State of Georgia and/or, as applicable, United States federal law.

12.    **Full Knowledge and Voluntary Release.**    The Parties represent and warrant that they have read this Agreement and reviewed it with their respective attorneys, and that they fully understand it to be a full and final settlement of all claims relating to the Lawsuit, including the Plaintiff's Released Claims and the Defendant's Released Claims, as hereinbefore identified. The Parties further represent and warrant that they have knowingly and voluntarily entered into this Agreement based upon their own knowledge and judgment and on the advice of their respective attorneys and other advisors, including other attorneys, of their respective free choice, and that they have not acted in reliance upon any representation, advice, or other action of any other Party EXCEPT as specifically and expressly set forth in this Agreement.    The Parties further represent that they have each had a reasonable period of time after the receipt of this Agreement to consider the Agreement prior to signing it.    The parties have had the opportunity to consult with or engage the services of all necessary persons, including for purposes of language translation, as necessary, so as to fully understand and comprehend the terms of this Agreement.

13.    **Final Agreement.**    The Parties hereby stipulate that this Agreement constitutes the entire agreement and understanding of and among the Parties relating to the subject matter hereof, and the Agreement supersedes all prior proposals, negotiations, agreements, and understandings, oral or written, relating thereto.    No modification or waiver hereof shall in any event be effective unless the same shall be in writing and signed by all parties to this Agreement.

14.    **Effective Date.**    The Effective Date of this Agreement shall be the latest date that any Party signs the Agreement.

IN WITNESS HEREOF, this Agreement is entered into by:

**GLORIA LEROY**


_____    _____
Gloria LeRoy                                                         Date

**KAPDAS TAX SERVICES**


_____    5/14/2018
By: Kimberly Shaw, Authorized Signer    Date

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GLORIA LEROY, | § | |
| | § | CIVIL ACTION NO. 1:17-cv-04944-TWT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| KAPDAS INCORPORATED, | § | |
| KAPDAS HOLDINGS, LLC, and | § | |
| KAPDAS TAX SERVICES d/b/a | § | |
| LIBERTY TAX SERVICE | § | |
| | § | |
| *Defendants.* | | |

## JOINT STIPULATION OF DISMISSAL

Plaintiff Gloria LeRoy, AND Defendants KAPDAS Incorporated, KAPDAS Holdings, LLC, and KAPDAS Tax Services d/b/a Liberty Tax Service, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), hereby jointly stipulate that this action is dismissed with prejudice, with all parties to bear their own costs and fees.

Dated: _____, 2018          Respectfully submitted,

BAILEY PEAVY BAILEY COWAN
HECKAMAN PLLC

By:  /s/  Robert W. Cowan
     Robert W. Cowan
     Attorney-in-Charge
     TX Bar No. 24031976
     Marathon Oil Tower
     5555 San Felipe Street, Suite 900
     Houston, Texas 77056

01176812-1 EXHIBIT 1
4 of 6

Telephone:  (713) 425-7100
Facsimile:  (713) 425-7101
rcowan@bpblaw.com

Michael A. Mills
Georgia Bar No. 509720
MICHAEL A. MILLS, P.C.
1349 West Peachtree St., Suite 1995
Atlanta, GA 30309
Telephone: (404) 815-9220
Facsimile: (678) 317-0956
mike@millslegal.net

*Attorneys for Plaintiff*

TAYLOR ENGLISH DUMA LLP

By: /s/    Shawntel R. Hebert
    Will C. Adams
    Georgia Bar No. 004655
    Shawntel R. Hebert
    Georgia Bar No. 512220
    1600 Parkwood Circle, Suite 200
    Atlanta, GA  30339
    (770) 434-6868 (telephone)
    (770) 434-7376 (facsimile)
    wadams@taylorenglish.com
    shebert@taylorenglish.com

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GLORIA LEROY, | § | |
| | § | CIVIL ACTION NO. 1:17-cv- |
| *Plaintiff,* | § | 04944-TWT |
| | § | |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| KAPDAS INCORPORATED, | § | |
| KAPDAS HOLDINGS, LLC, and | § | |
| KAPDAS TAX SERVICES d/b/a | § | |
| LIBERTY TAX SERVICE | § | |
| | § | |
| *Defendants.* | | |

## CERTIFICATE OF SERVICE

I certify that on _____, 2018, I filed the foregoing

document with the Clerk of the Court via the CM/ECF system, which will

automatically send email notification of such filing to all attorneys of record.


 /s/ Robert W. Cowan
Robert W. Cowan
Attorney for Plaintiff